**SO ORDERED.**

**SIGNED this 29 day of June, 2015.**

_____

**David M. Warren**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### FAYETTEVILLE DIVISION

IN RE:                                                                    CASE NO. 14-05401-5-DMW

JOSPEH MICHAEL GOULET
LINDA BAUSH GOULET

                                                                                        CHAPTER 13

                            DEBTORS

### ORDER ALLOWING MOTION TO AVOID LIEN

This matter comes on to be heard upon the Motion to Avoid Lien and to Modify Plan

("Motion") filed by Joseph Michael Goulet ("Debtor") on December 15, 2014 and the Response

to Motion to Avoid Lien ("Response") filed by Springleaf Financial Services of America, Inc.

("Springleaf") on December 19, 2014.  The court conducted a hearing in Fayetteville, North

Carolina on May 21, 2015. Thomas H. Hooper, Esq. appeared for the Debtor, Jay B. Green

appeared for Springleaf, and Joseph A. Bledsoe, III, Esq. appeared as the Chapter 13 trustee

("Trustee").  Based upon the evidence presented and the arguments of counsel, the court makes

the following findings of fact and conclusions of law:

1.        This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has

jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334.  The court has the authority to hear this

matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2.      The Debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code on September 17, 2014 ("Petition Date").  The Trustee was appointed to fulfill the duties as provided in 11 U.S.C. § 1302 on September 19, 2014.

3.      On November 8, 2013, the Debtor executed a Loan Agreement ("Agreement") with Springleaf for the total sum of $5,643.98. The Debtor was obligated to repay Springleaf in 37 monthly installments beginning on December 15, 2013 until the loan was paid in full under the terms of the Agreement

4.      The Agreement is secured by personal property of the Debtor.  The Debtor stated that certain items of personal property including but not limited to golf equipment, 2 amplifiers, a P250 pistol, a German mantel clock, collection of Hummel figurines, and Lladro statues (collectively "Personal Property") were in his possession and had a total value of $4,550.00. Springleaf's perfected its security interest in the Personal Property by filing financing statements with the North Carolina Secretary of State.

5.      Springleaf filed a proof of claim in the Debtor's bankruptcy proceeding asserting a secured claim in the amount of $4,600.00 and a general unsecured claim in the amount of $1,353.92.

6.      The Debtor filed the Motion in order to avoid Springleaf's lien on the Personal Property as the lien is a nonpossessory, nonpurchase-money security interest pursuant to 11 U.S.C. § 522(f)(1)(B)(iii).

7.      Section 522(f)(1) states that the Debtor may avoid the fixing of a lien on an interest in the debtor in property to the extent that any such lien impairs an exemption to which

2

the debtor would have been entitled to if such a lien is a nonpossesory, nonpurchase-money security interest in any household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of a debtor.

8.      The Debtor has claimed the Personal Property, still in his possession as of the Petition Date, as exempt household goods to the full extent of the fair market value, pursuant to 11 U.S.C. Section 522(b)(2) and Chapter 1C of the North Carolina General Statutes.

9.      Springleaf argued that the Personal Property is not used for any household purpose and that the Debtor should pay the value of Personal Property to Springleaf.

10.      At the hearing, the Debtor testified that the current value of the Personal Property remained in his possession was approximately $750.00, and that all the items were household goods used or displayed in his home.

11.      In the Response, Springleaf objected to the value given to the Personal Property in the Motion; however Springleaf did not provide any independent testimony to counter the Debtor's values at the time of the loan or on the Petition Date.

12.      Based on the Debtor's testimony, the court finds that the Personal Property remaining in the possession of the Debtor constitutes goods in the enumerated categories in 11 U.S.C. § 522(f)(1)(B)(ii); now therefore,

It is ORDERED, ADJUDGED and DECREED that the Motion to Avoid the Lien is granted, and Springleaf's lien upon the Personal Property is hereby avoided in full.  Springleaf shall have a general unsecured claim.

END OF DOCUMENT